I should correct, it's HESSABI v. GONZALES now. That's correct, Your Honor. Good morning, Your Honors. My name is Luther Snavely. I'm here on behalf of the petitioners, Iraj and Ilona HESSABI. I'd like to save three minutes for rebuttal, if that's acceptable to the Court. Sure. Your Honors, the Court has previously narrowed the scope of this particular petition for judicial review to the BIA's order denying the HESSABI's motion to reissue their final administrative decision in this case. The first thing I'd like to take up is the issue of this Court's jurisdiction. This Court has jurisdiction over the denial of that motion to reissue decision because that motion to reissue the decision falls within the classification of a motion to reopen. And, indeed, that's the way the BIA treated it. The BIA classified it as a motion to reopen in the record at pages 15 and 19. They accepted the filing fee for a motion to reopen at pages 13 and 17. Indeed, in the index to the certified administrative record, it's referred to as a motion to reopen. And if the BIA considered this a type of motion to reopen, then I think that this Court should also consider it a type of motion to reopen. And, therefore, the denial of that motion would be subject to this Court's jurisdiction. The dismissal of the appeal was a final administrative decision. When a motion is made to reissue a decision, what it's really doing is requesting that, one, the final administrative decision be vacated, the case be reopened, and then a new final administration, final administrative decision be entered at a later date. So it really is akin to a motion to reopen. Since it's akin to a motion to reopen, the standard of review would be abuse of discretion. Here, in the order of the BIA denying the motion to reissue decision, the BIA doesn't mention the three affidavits submitted by both of the Hasabis and their counsel of record at the time, Mr. Reza Attari, testifying to the BIA that Mr. Attari never received the dismissal order in the mail, and, indeed, neither did the Hasabis. In the BIA's order denying the motion to reissue decision, it doesn't refer to these affidavits at all. So we really don't know what the BIA did with them, if any. But could I cut in there? That seems to me the real problem. They did get notice in June, and they didn't act within the time limit then to do anything about it. Actually, Your Honor, that's only partially true. If you look at the decision denying the application for work authorization, which is what you're referring to at page 65 of the record, that was sent to the Hasabis. It was not sent to their counsel of record. It wasn't sent to Mr. Attari at all. All right. But they themselves got it. They got it. And this isn't in the record, but, I mean, what happened here is that they made the same assumption that a lot of aliens make, and they think that immigration is all one big thing, that they don't realize that to make an appearance before the service, you have to file a G-28 to make an appearance before the court. You have to file an EOIR-28. The BIA had to file an EOIR-27. They had an attorney who they thought was taking care of everything. They assumed that since they got it, the attorney must have gotten it, too. And that's why they didn't notify. Finally, they dropped the diamond and told him. They know something quite bad has happened to them. You would think the first impulse would be, what's my lawyer saying? Well, that's, you know, I understand, Your Honor, and they certainly, the decision wasn't a good thing. I would say, though, that the regulations impose the duty to serve the dismissal of their appeal on the BIA, not on the Hasabis. Do I wish that they had picked up a telephone immediately and called their attorney? Yes, I do. Is that something that should be fatal to their case? I don't agree with that. Well, we recognize ineffective assistance of counsel, but I don't think we recognize ineffective assistance of Petitioners. That's true, Your Honor. That's very true. As to the abuse of discretion, the issue of abuse of discretion and the actual denial of the motion to reissue, since the denial doesn't refer to the affidavits of all, I think there are only three possibilities here. And all three of them constitute abuse of discretion. Either, number one, the BIA simply ignored the affidavits, didn't review them at all, in which case it's abuse of discretion because they can't do that. They can't simply just not review evidence that's submitted to them. Two, they didn't believe the affidavits, in which case it's abuse of discretion because there was no adverse credibility finding at any point during this case. The factual contentions of the Hasabis must be accepted as true. Also, Mr. Attari, as an attorney in good standing with the State Bar of California, he's admitted to practice before this Court. Why wouldn't his affidavit be believed? We don't know. Three, they believed the affidavits and they just don't care, in which case I would say that isn't abuse of discretion because what that amounts to is turning this process into a game of chance. If you have, if your luck is bad enough where the mail room of the BIA or the post office fouls up on your mail, then too bad, you lose. I don't think that either Congress or this Court intended for this process to be a game of chance. The government brings up in its answering brief that there's a presumption of regularity afforded to government actions. And that's true, but it can be overcome by evidence to the contrary. And what we've got here are three irrefuted affidavits claiming that nobody ever got the decision on that thing and nothing on the other side to support any kind of position that those affidavits shouldn't be believed. So I don't think that that presumption is in play here. Basically, what you want is us to remand for the BIA to hold a hearing. Is that it? Either to remand for them with instructions to reissue their decision or to, yes, Your Honor, remand back the IJ to hold a credibility hearing. We'll put the Hasabis on the stand. I'll subpoena Mr. Attari as well. We'll get them in there and we'll have the immigration judge take a look at their credibility. Is there any precedent for doing the latter? I believe in the context of in absentia removal proceedings. The hearing notice cases? Yes, Your Honor. I believe that there is precedence in that context. You have a little under two minutes left. Do you want to reserve it? I'll reserve your honor. Good morning again, Your Honors. Ari Nazaroff representing the government. Your Honors, we'll stand by our brief. Petitioner, the arguments he raised this morning, he didn't raise in his brief. So it's our position that he has waived them before this Court. And therefore, they waive the only issues on appeal. As far as abuse of discretion, there's no abuse of discretion in this case. Abuse of discretion is found where the denial is without rational explanation, is an explicable departure from established policy, or rests on impermissible basis. None of that is here. The Petitioners, there's nothing in the record to indicate that the decision was inadequately mailed. They have not rebutted the presumption of regularity. The decision didn't get it. What else should they do? Well, it should be. What else are they empowered to do? Well, it would be the Petitioner wants to hold a hearing to decide whether they got it or not. I mean, the reason we have to prove it. They want to establish that they didn't, but how would they prove? Well, the point is I'm. Well, I understand. But if I don't get a notice, all I can say is I didn't get the notice. I don't know how it got into the mail. I don't know how or what the government side of things did. So what am I supposed to do? What more should they have put before the BIA in their affidavits? Evidence that the notice was returned to the BIA? Well, how would they know that? How would they know that? Well. They don't have access to that evidence, do they? Well, Your Honor, the thing is, is that. Is the answer yes or no? Do they? Is there a mechanism by which they can go to the BIA and ask to see their records so that they can then put in a declaration? The attorney goes and says, I went to the BIA offices and I talked to the mail supervisor and I talked to, and I have all this information about how, and I can now establish it was put in regular mail. Or it wasn't. How would they do that? Well, Your Honor, there is no record. In this case, there is nothing in the record to indicate it was. You're not answering my question. I know it's not in the record. How are they supposed to put it in the record? Well. Isn't that the purpose of it? Isn't that what happens under the in absentia hearings? There's a hearing. The government has to establish that this is its ordinary course of business and it did in its ordinary course of business, or it specifically has records that it put something in the mail, the address to which it was sent. And then the burden shifts to the Petitioner to say, I never got here. The burden is on the Petitioner. It is on the Petitioner. But at some point, the Petitioner has to – I just don't understand what the Petitioner is supposed to do other than to say, I didn't get it. And the address that I had before the BIA was the address they should have sent it to, and it never came here. Well, Your Honor, but there is nothing. They could go – there has to be some evidence. Everybody would say I didn't get it. Well, of course. But here's the problem. You sent it by regular mail. You have no proof you sent it. So we take your presumption of regularity. They rebut the presumption by saying they didn't get it. What else do they have to show? Well, that – that's what they argued before the Board. But at this point, they're asking to – No, no. But, I mean, we're going back to basics here. What else do they have to show? They have to – well, they say they didn't – you have no proof you sent it. So we accept the presumption because you didn't send it by certified mail. We presume – and you're quite correct. We presume the regularity of government acts. So you start with that presumption. They rebut the presumption by saying we didn't get it. The attorney says I didn't get it either. But that's not enough, Your Honor, just to say I didn't get it. You've got to submit some evidence. Why not? Why not? That's evidence. Wait a minute. That's probative evidence. Now, let's take your – what you're asking us to do is to put a requirement beyond that of saying – producing evidence that they can't possibly produce. What else could they do? What evidence could possibly be available to them? You've already said there's nothing in your files. Well, Your Honor, this case – in this case, the Board considered their evidence and decided that it was – that it was not enough to reissue the decision. In other decisions, boards have reissued when they saw that something came back. In this case, it didn't come back. Well, I know what their decision is. I'm sorry. I'm not arguing with that. I know what their decision is. I'm trying to understand your argument here on why this evidence wouldn't be enough. Well, Your Honor, you have to look at their affidavit, which Petitioner waives in front of this Court this morning. And in their affidavit, they knew two weeks before the decision came down. Two weeks before, they still had an opportunity. They had notice of it. They did not appeal. That's strong evidence that's very hard to refute. What's strong evidence? There's two affidavits. They're both consistent, and they say that they knew about the decision on June 19th. That's two weeks before. Well, that's another point. That was my point in the earlier question. Right. But we're talking about the mail delivery. If you're shifting your ground, you can do that. Don't confuse us. You're giving up, I take it, on the mail. The evidence is there. It should have been considered. Well, Your Honor, I don't think I'm shifting you. What I'm saying is this. Their attorney had the attorney they had representing before the Board had a number of motions he sent to the Court, a number of briefs he sent to the Court. There was a lot of correspondence. He didn't ever get anything else, and all of a sudden he didn't get it. The burden is on him. The Petitioner is trying to put the burden on the government. The burden is on him. No, no. They produced you're claiming a presumption of regularity is total proof. It isn't. It's rebutted by their affidavits. Then you might be able to rebut their affidavits, but the burden is shifted to you. Well, not so, Your Honor. The Court – I'm sorry. The Board evaluated the evidence, considered their evidence, and decided that it seems quite arbitrary. Well, no. Counsel, let's take it one step at a time. Let's just take a clean hypothetical situation. Let's say you have a mailing. They say they didn't get it. You're entitled to presumption. They put on evidence that they didn't get it. Isn't that enough? No. Why not? Because the standard which that would be evaluated, the Board would evaluate that, consider the evidence, and then this – look at the if that had come, returned, if there's any evidence that he didn't get it. No, I'm saying there's no other evidence. I'm just – Well, that goes to the weight of the evidence. This is hypothetical. Sure, Your Honor. You don't have to reach out to this case. But that goes to the weight of the evidence. Right, but this is all the evidence that's in front of them. Right. So you don't have any proof of mailing. They say they both have affidavits from the attorney and credible affidavits from the attorney and from the Petitioner that say they didn't receive it. Why isn't that enough to rebut the presumption? Well, that's something that the Board makes a decision on that. And the only way that could be overturned if there's an abuse of discretion, which Petitioner has not shown here this morning, is – You know, you aren't answering any of the questions. It would be easier. I think you could say, truthfully, that might be enough, but here there's more. But I don't understand the government's position. If you're really saying that the Petitioner can never win or that the Board can act arbitrarily, I think you lose this point. I'm trying to be as plain as I can about it. If you're saying that the Board can reject all evidence arbitrarily, capriciously, and then say you win, you lose, you win, you lose on the same facts, I think that is an abuse of discretion. If you're saying that the Board, that the Petitioners are put to a burden that they can't possibly, you acknowledge they can't possibly meet. Well, they can. How can they meet that? If there's evidence that something came back to the Board. But how do they get that? This is Judge Fischer's question. There's nothing in your records. How do they prove that? He asked you earlier, did, is there, can they get that in the file? And you said there's nothing in the file. Well. Right? Your Honor, I don't know how it works. Under this law, they might be able to get, their attorney could get the records. But there's nothing in the file to show that this was returned. There's nothing in the file to show that it wasn't delivered. I'm not trying to argue with you. I'm just trying to say, I understand this position, but I'm trying to clarify you that we're not, we're not quibbling, perhaps, with this. But what you seem to be arguing is that Petitioners can never win this kind of case. And I don't think that's true. That's correct, Your Honor. They can't win this type of case. And at the Board, if there's evidence that things have been returned, they didn't get something, then the Board had, has reissued decisions in the past. But there's also another very important point, Your Honor, and that is, it is our position that a motion to reissue is really an appeal to the Board's sua sponte, to the Board's sua sponte authority, which is what we do. What do we do with the Board's construction of that as a motion to reopen? Don't we have to credit that? Well, they lose even if it's construed as a motion to reopen. But the Board construed it as a motion to reopen. Why should we second-guess the Board on that? Well, I believe the decision said a motion to reissue. The motion said motion to reissue. The Board construed it as a motion to reopen, right? No. The Board said motion to reissue is denied. The August, on page 2 of the motion is denied. To reissue, it says respond and move the Board to reissue its June 4, 2003 decision. That's on page 2, Your Honor. Where are we? I see my time is up. No, I'm sorry. Where's the? It's on page 2 of the record. Okay. All right. Any further questions? No. Okay. Thank you, counsel. Thank you. Well, I quibbled with the government's attorney, but I think the problem, what he seems to be saying is there's more to it in this case, and the evidence on the face of it indicates that there's no abuse of discretion because your clients and attorney received it in time to do something about it. How do you respond to that? I respond that it's possible to make the argument that the Hasabis, Iraj, and Alona received a notification that if they might have derived a conclusion that they were in trouble, but Mr. Attari never received it. Mr. Attari didn't receive it because he didn't have a G-28 on file with the Immigration Service. And the reason he didn't have a G-28 on file with the Immigration Service is that he didn't come into the case until the case was already up on appeal with the BIA. So he filed an EOIR-27 with the BIA. So as far as the Immigration Service was concerned, the Hasabis were unrepresented. That's why they sent the decision denying the work authorization and also mentioning that it looks like you have a problem with the BIA to them rather than to him. If he had gotten it, I'm sure he would have taken steps immediately. The fact that they got it and sat on it and assumed that because they got it, he also got it in the mail, too, is unfortunate. But given the fact that they're not attorneys and they don't know the process and how all this is put together, I really don't think it should be held against them. How do you respond to the government's argument that, look, people could come in in every single case and put in affidavits and try to circumvent the filing requirements and we would just have to reopen all these cases? If the board looks at his files and determines that it appears that it was mailed, we ought to give deference to that and close the matter? Well, my first suggestion that Your Honors alluded to and that would solve this problem forever and ever is just send these orders out by certified mail. Then there's no question. And if they'd apparently ñ it's my understanding they used to do that and they stopped doing it, assuming ñ I assume they stopped doing it to save a buck. Well, if they're going to save a buck, they shouldn't punish the aliens because that's what they decide to do. Well, I mean, that's true. I mean, people can always lie, can't they? You can make an assumption that people are liars and therefore they shouldn't be taken at their word, but the ñ if you do that, then we wind up in a situation which you were talking about earlier. How in the world is someone supposed to prove that they didn't get this in the mail? If the board's going to serve these things by regular mail, how is someone supposed to prove that they didn't get it? Here, no adverse credibility finding. So the Court and the agency were prepared to accept the Hasabi's word on the political situation in Iran, things that happened years ago on the other side of the planet, things that may happen in the future, but they're not prepared to accept the Hasabi's contentions about the contents of their mailbox. Also, there is absolutely no reason to not credit Reza Attari. As far as I know, Mr. ñ I've known Mr. Attari for years. And as far as I know, he's in good standing, has always been in good standing, and no one has ever questioned his word on anything. So I think we take these cases as we find them. I think that if there had been an adverse credibility finding on this, say the aliens aren't represented and there's been an adverse credibility finding, which is the agency is doubting their credibility, then maybe the government would have a stronger case. Or if the attorney executing an affidavit has had some sort of history where his veracity has been called into question. But here, there's none of that. There's none of that. There's no reason to punish these folks and put them in jeopardy of being sent back to Iran, at least Mr. Hasabi, and all of the possible consequences that may ensue from that. As to his argument about that this was an attempt to invoke the BIA's sua sponte authority, and I assume the implication is that, therefore, you don't have jurisdiction to rule on a denial of that, that simply isn't the case. This motion was filed within 90 days of the dismissal of the appeal, which means it was within the time limit, excuse me, for filing a motion to reopen. There's no need to seek to invoke the BIA's sua sponte authority. Well, what would they call a motion to reissue? Well, they the BIA classified this motion to reissue as a motion to reopen. It's several parts in the record. But the final order denies the motion to reissue. Yes, he's quite correct about that. The final order is the motion to reissue. Well, it says motion at the top, and then it says move the board to reissue. Well, the receipt that they got does say a receipt for a motion to reopen or a motion to reconsider. I don't know if that's a form or what. That's correct, Your Honor. That's what you're relying on. Right, and they took the filing fee. If this was a motion to invoke the BIA's sua sponte authority, there's no filing  They just sent the money back. They kept the money. So since they construed it as a motion to reopen, I respectfully request the Court to do the same. Okay. We have your argument in hand. Thank you, Your Honors. Have a good weekend. The case is heard. It will be submitted.
judges: Noonan, Thomas, Fisher